

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 5, 1964

Honorable James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Mr. Barlow:

Opinion No. C-344

Re: Whether, under the present
Sheriff's budget, proper
budgeting arrangements can
be made for the purchase of
a helicopter for the Sheriff's
Department.

You have requested an opinion on whether Bexar County
can make proper budgeting arrangements under the present Sheriff's
budget, for the purchase of a helicopter for use by the Sheriff's
Department. Specifically, you ask whether the surplus funds in
three named accounts may be used for the purchase of said helicopter.
In your supplemental request of October 27, 1964, you state that
the helicopter will be purchased out of the "Equipment, Other"
account.

Before passing on the question of proper budgeting
arrangements, one must first determine whether the purchase, per
se, of a helicopter is authorized. Subdivision (b) of Article
3899, Vernon's Civil Statutes, states:

"Each officer named in this Act, where he
receives a salary as compensation for his
services, shall be entitled and permitted to
purchase or charge to his county all reasonable
expenses necessary in the proper and legal
conduct of his office, . . ." (Emphasis added)

However, what constitutes "reasonable expenses necessary in the
proper and legal conduct of his office" is to be determined by
the Commissioner's Court, in their sound discretion. Attorney
General's Opinions No. 0-3670 (1941) and No. C-318 (1964). There-
fore, the propriety of the purchase of a helicopter for use by the
Sheriff's Department is a factual determination to be made by the
Commissioner's Court.

-1631-

Since the helicopter is to be purchased from the account "Equipment, Other," it should also be determined whether a helicopter can be purchased from said account. Webster's International Dictionary, Second Edition, defines "equipment" as "material or articles used in equipping." Said Dictionary defines "equip" as "to furnish for service, or against a need; to fit out; to supply with what is necessary to efficient action." If the Commissioner's Court, in their sound discretion, supra, determine that a helicopter is "necessary in the proper and legal conduct" of the Sheriff's Department, then the Department would have to be equipped "with what is necessary to efficient action." Therefore, funds from the account "Equipment, Other" could be used to purchase a helicopter as a helicopter is obviously "equipment."

As to the questions concerning proper budget arrangements, one must first look to the statute, Article 1666a, Vernon's Civil Statutes, that governs Bexar County. Article 1666a recites:

" . . .

" . . .Said Court may upon proper application transfer an existing budget surplus during the year to a budget of like kind and fund, but no such transfer shall increase the total of the budget.

" . . ." (Emphasis added)

The Legislature did not provide any guidelines as to what constitutes "like kind," therefore we must construe this term in its usual, ordinary and generally accepted meaning. This was done in Attorney General's Opinion No. V-103 (1947) and reference is made thereto in determining whether such a transfer can be made in the instant case.

You state that there exists, in the Sheriff's budget, three separate accounts, "Repairs and Maintenance, Automotive," "Salaries, Employees" and "Groceries, Feeding Prisoners" that possess a surplus amount of funds. You also state that the helicopter is to be purchased by funds from the "Equipment, Other" account. Thus, it must be determined whether the aforesaid surpluses can be transferred to the "Equipment, Other" account.

We believe that the account for "Repair and Maintenance, Automotive" is enough like that of the account "Equipment, Other" to come within the spirit of the statute. Repair and maintenance of an automotive nature is certainly concerned with equipment of a transport nature. The account "Equipment, Other" is of such a general nature, as would certainly permit transfer of a surplus,

if one existed, from it to the account "Repair and Maintenance, Automotive," since they are both concerned with equipment. Webster's International Dictionary, Second Edition, defines equipment as "material or articles used in equipping." Said Dictionary defines equip as "to furnish for service, or against a need; to fit out; to supply with what is necessary to efficient action." Both "Repair and Maintenance, Automotive" and "Equipment, Other" certainly fall within these definitions.

As to the other two accounts, "Salaries, Employees" and "Groceries, Feeding Prisoners," we think that it is obvious that they are not of like kind to that of "Equipment, Other." Attorney General's Opinion No. V-103 (1947).

The surplus funds in the account "Repairs and Maintenance, Automotive" can be transferred, as provided in Article 1666a, supra, to the account "Equipment, Other." Attorney General's Opinion No. V-103 (1947). If the Commissioner's Court, under the proviso of subdivision (b) of Article 3899, supra, determines that a helicopter is necessary "in the proper and legal conduct" of the Sheriff's Department, said helicopter can be purchased by funds from the account "Equipment, Other," if the amount of funds therein is sufficient to pay the purchase price. The surplus funds in the accounts "Salaries, Employees" and "Groceries, Feeding Prisoners" cannot be transferred to the account "Equipment, Other." Attorney General's Opinion No. V-103, supra.

### S U M M A R Y

Under the present Sheriff's budget, proper budgeting arrangements can be made for the purchase of a helicopter for the Sheriff's Department, if the balance, if any, in the account "Equipment, Other" and the surplus in the account "Repair and Maintenance, Automotive" will be sufficient to pay the purchase price.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Roy B. Johnson*

Roy B. Johnson
Assistant

RBJ:sj:mkh

Hon. James E. Barlow, page 4 (C-344)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Wayne Rodgers
Charles Swanner
Robert Norris

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler